UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

Rochelle Y. Driessen,

Plaintiff,

v.

University of Miami School of Law
   Children & Youth Law Clinic,

Defendant.

_____/

FILED BY _____ D.C.

JUN 2 8 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

COMES NOW, Plaintiff, ROCHELLE DRIESSEN, by and through ROCHELLE

DRIESSEN, pro se, sues Defendant, UNIVERSITY OF MIAMI SCHOOL OF LAW CHILDREN

& YOUTH LAW CLINIC, (hereinafter referred to as "University of Miami"), as follows:

### INTRODUCTION

1.    Plaintiff files this lawsuit against the Defendant, University of Miami, under the

Retainer Agreement executed on September 7, 2013, between the Defendant, University of Miami

School of Law Children & Youth Law Clinic, and Richard Driessesn for the guardianship of Brit-

tany Oliver.

2.    The Retainer Agreement has violated Plaintiff's constitutional rights pursuant to

Section 1 of the 14th Amendment of the Constitution of the United States, and Article 1, Section

21 of the Florida Constitution wherein the Retainer Agreement granted the Defendant the authority

to file the guardianship of Brittany Oliver without giving Plaintiff proper due process of law in the

guardianship proceedings, thereby, denying Plaintiff an opportunity to attend the hearing in the

guardianship of Brittany Oliver as required under Florida Statutes, which denied Plaintiff access

to the Court pursuant to Article 1, Section 21 of the Florida Constitution.

1

3.     It was held in <u>Flegel v. Swistock</u>, 169 So. 3d 278 (4th DCA 2015)  The United States Constitution guarantees that "no state shall deprive any person of life, liberty, or property without due process of law.  Amend XIV, § 1, U.S. Const.; *see also* Art. 1, § 9, Fla. Const. "[D]ue process requires both fair notice and a real opportunity to be heard." <u>Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth.</u>, 795 So. 2d 940, 948 (Fla. 2001).  Notice must be "reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v. Cent. Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (citations omitted).

4.     Plaintiff is entitled to the federal jurisdiction of this Court to bring this action against the Defendant with respect to the guardianship advocacy proceeding of Brittany Oliver pursuant to Fla. Stat. 393.12.

5.     Plaintiff filed a prior action in the district court against the Defendant under Case No.: 1:20-cv-24816-RNS, which was Appealed to the 11th Circuit and dismissed on April 14, 2021, for Plaintiff's failure to pay the required filing fees.  (Doc. # 15).  Plaintiff did not ignore paying the filing fees, as Plaintiff did not have monies to pay the filing fee.

## JURISDICTION & VENUE

6.     Plaintiff invokes the jurisdiction of this Court pursuant to 28 USC § 2403(b).

7.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to Section 1 of the 14th Amendment of the Constitution of the United States, Article 1 Section 21 of the Florida Constitution, and Fla. Stat. 393.12

8.     Venue is proper as all activities given rise to this claim took place in Miami, FL.

## PARTIES

9.     Plaintiff is a resident of Miami, FL.

10.    Defendant, University of Miami School of Law Children & Youth Law Clinic, is a resident of Miami, FL.

## FACTS

11.    Plaintiff received via eservice on June 23, 2021, from the State's Probate Division of the 11th Judicial Circuit in and for Miami-Dade County, Florida an Order Directing Clerk Of Court To Take The following Action(s) entered by Hon. Rosa C. Figarola Pursuant to Administrative Memo dated April 21, 2021 of reopening the case to change the classification type from "Mental Disability Placement (Y)" to "Guardianship Advocacy Fla. Stat. 393.12," and that No Further Judicial Action Required on THIS MOTION, and to RECLOSE case. (A copy attached hereto as **Exhibit "A"**). The State Court changing the classification type from Mental Disability Placement (MH placement with prior federal Defendant; Emily C. Moises Day Training Center) to Guardianship Advocacy Fla. Stat. 393.12 makes Plaintiff an interested person that entitles Plaintiff to the federal jurisdiction of this Court.

12.    This is the first and only notice/Order that Plaintiff was ever served with in the guardianship of Brittany Oliver, and it is only believed that Plaintiff received this notice after litigating the guardianship of Brittany Oliver against the Defendant in the U.S. District Court for the Southern District of Florida, and the U.S. Court of Appeals for the 11th Circuit after Plaintiff raised the notice issue against the Defendant. It appears that the State has been following Plaintiff's federal court proceedings regarding the matter.

13.    On September 7, 2013, the Defendant, University of Miami School of Law Children & Youth Law Clinic, and Richard Driessen, executed a Retainer Agreement for the guardianship of Brittany Oliver. The Retainer Agreement constitutes a void contract wherein the elements of a contract are: (1) offer; (2) acceptance; and (3) consideration. The Retainer Agreement was executed without any consideration as stipulated in paragraph 4 of the Retainer Agreement: "The

Clinic agrees not to charge the Client any attorneys' fees for its legal services." (A copy attached hereto as **Exhibit "B"**).

14.     The Retainer Agreement also constitutes an unconscionable contract wherein the Retainer Agreement is a one sided contract for the benefit of Richard Driessen only, without any regards of the guardianship of Brittany Oliver.  Brittany Oliver, Rochelle Driessen – mother of Brittany Oliver, nor Joseph Oliver – father of Brittany Oliver were allowed to participate in the guardianship of Brittany Oliver even though Fla. Stat. 393.12(4)(a)(b) requires them to do so pursuant to the Verified Petition For Appointment Of Co-Guardian Advocates.  (A copy attached hereto as **Exhibit "C"**).

15.     Breanna Oliver has no guardian advocate rights to the guardianship of Brittany Oliver wherein the Retainer Agreement was executed by and between the University of Miami School of Law Children & Youth Law Clinic, and Richard Driessen even though Breanna Oliver was petitioned for Co-Guardian Advocate in the Verified Petition.  And, the probate Order attached at Exhibit "A" to the Complaint does not list Breanna Oliver as a Plaintiff(s)/Petitioner(s).

16.     Brittany Oliver was born on May 11, 1993 to Rochelle Driessen, and Joseph Oliver as certified in Brittany Oliver's birth certificate.  (A copy attached hereto as **Exhibit "D"**).  Joseph Oliver passed away on September 18, 2017.  A copy of his death certificate is in the process of being obtained by the Plaintiff.  Neither of the foregoing vital records were presented to the Probate Division in the guardianship of Brittany Oliver, therefore, the guardianship of Brittany Oliver lacks the integrity to continue on the sole basis of Richard Driessen being appointed her guardian advocate, as he is not an interested person in the matter.  Plaintiff, Rochelle Driessen, is the sole and only interested person in the guardianship of Brittany Oliver.

17.     The Retainer Agreement is not coordinated with the Probate Court, and the Defendant, University of Miami, is not an attorney participating in the Guardian Advocates Wheel

4

of the Probate Court which provides:  "Guardian Advocates Wheel – Attorney must be a participant in the Guardian Probate, Guardianship and Mental Health Wheel, with five years of general probate and guardianship experience and experience in handling Baker Act matters.  The attorney must be willing to attend certain prescheduled calendars and perform certain functions as prescribed by State statutes, the Probate Bar and the Court.  Attorneys who are interested in the Wheel should contact Probate and Guardianship Division Administrative Judge at the Dade County Courthouse, 73 West Flagler Street, Room #310, Miami, Florida 33130 or at (305) 349-7086."  (A copy attached hereto as **Exhibit "E"**).

18.     The contractual relationship of the Retainer Agreement was created on the basis of a legal act of filing the guardianship of Brittany Oliver in the Probate Court.  However, the Defendant failed to perform certain functions as prescribed by State statutes, the Probate Bar and the Court pursuant to the Guardian Advocates Wheel, and therefore violated Plaintiff's constitutional due process rights under Section 1 of the 14th Amendment of the Constitution of the United States, and Article 1, Section 21 of the Florida Constitution with respect to Fla. Stat. 393.12.

19.     The Defendant, University of Miami, filed a Verified Petition For Appointment of Co-Guardian Advocates on March 11, 2014, in the guardianship of Brittany Oliver, approximately six (6) months after the execution of the Retainer Agreement, and served the Plaintiff with a copy of the verified petition in the mail.  The hearing on the Verified Petition took place in March 2014. The Defendants failed to notice Brittany Oliver, Plaintiff, Rochelle Driessen, and Joseph Oliver of the March 2014 evidentiary hearing, a denial of Plaintiff's due process rights to contest the guardianship of Brittany Oliver, by stating Plaintiff as Brittany Oliver's Mother and Next of Kin, and Joseph Oliver as Brittany Oliver's Father and Next of Kin at ¶ 10 of Verified Petition, as required pursuant to Fla. Stat. § 393.12(4)(a)(b) and are grounds for removal of Richard Driessen as Brittany Oliver's guardian advocate.

20. Pursuant to Fla. Stat. § 393.12(4)(a)(b)(4)   NOTICE.—

(a)   Notice of the filing of the petition must be given to the person with a developmental disability, verbally and in writing in the language of the person and in English. Notice must also be given to the next of kin of the person with a developmental disability as defined in chapter 744, a health care surrogate designated pursuant to an advance directive under chapter 765, an agent under a durable power of attorney, and such other persons as the court may direct. A copy of the petition to appoint a guardian advocate must be served with the notice.

(b)   The notice must state that a hearing will be held to inquire into the capacity of the person with a developmental disability to exercise the rights enumerated in the petition. The notice must also state the date of the hearing on the petition.

21.      Pursuant to Fla. Stat. § 744.474 Reasons for removal of guardian.—A guardian may be removed for any of the following reasons, and the removal shall be in addition to any other penalties prescribed by law:

(19)   Upon a showing by a person who did not receive notice of the petition for adjudication of incapacity, when such notice is required.

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment against the University of Miami in the amount of $569,098.14, and injunctive relief of removal of Richard Driessen as Brittany Oliver's guardian advocate, and any and all other relief as required under the law.

Respectfully submitted,

Rochelle Driessen, pro se
945 NW 142nd Street
Miami, FL  33168
email:  rochell38@outlook.com

Date:   6/28/2021

# SERVICE OF COURT DOCUMENT CASE NUMBER 132014MH001401000002 Driessen, Richard vs Oliver, Brittany

E    eservice@myflcourtaccess.com
     Wed 6/23/2021 11:21 AM                              ↩   ↞   →   ⋯   ⌃

          Order.pdf                    ⌄
          157 KB

## Notice of Service of Court Documents

### Filing Information

Filing #:            129325064
Filing Time:         06/23/2021 11:21:43 AM ET
Filer:               Probate Section Pmh03 Judge 305-349-7086
Court:               Eleventh Judicial Circuit in and for Miami-Dade
Case #:              132014MH001401000002
Court Case #:        2014-001401-MH-02
Case Style:          Driessen, Richard vs Oliver, Brittany

### Documents

| Title | File |
|-------|------|
| Order: | Order.pdf |

### E-service recipients selected for service:

| Name | Email Address |
|------|---------------|
| N/A | rochell38@outlook |
|  | Rochell_38@hotm |
|  | bperlmut@law.mia |
|  | agaliano@law.mia |

### E-service recipients not selected for service:

| Name | Email Address |
|------|---------------|

No Matching Entries

*Exhibit "R"*
6/25/2021

Filing # 129325064 E-Filed 06/23/2021 11:21:43 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2014-001401-MH-02
SECTION: PMH03
JUDGE: Rosa C Figarola

**Driessen, Richard**

Plaintiff(s) / Petitioner(s)

vs.

**Oliver, Brittany**

Defendant(s) / Respondent(s)

_____ /

## ORDER DIRECTING CLERK OF COURT TO TAKE FOLLOWING ACTION(S)

THIS MATTER having come upon being reviewed for case management purposes, and this Court hereby directs the Clerk of Court to:

1) Pursuant to Administrative Memo dated April 21, 2021, designate this matter as a 393.12 Guardianship Advocacy case with a GD case number;

2) Reopen this case; and

3) Change the case classification type from "Mental Disability Placement (Y)" to "Guardianship Advocacy Fla. Stat. 393.12."

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 23rd day of June, 2021.

2014-001401-MH-02 06-23-2021 11:15 AM
Hon. Rosa C Figarola

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Bernard P Perlmutter, bperlmut@law.miami.edu
Bernard P Perlmutter, agaliano@law.miami.edu
Rochelle Driessen, Rochell_38@hotmail.com
Rochelle Yvette Driessen, rochell38@outlook.com

**Physically Served:**



## University of Miami
### School of Law
Children & Youth Law Clinic
1311 Miller Dr., F305, Coral Gables, FL 33146
305-284-3123 / 305-284-4384 fax

## RETAINER AGREEMENT

1.  This agreement is between *Richard Dnessen* "the Client" and the University of Miami Children & Youth Law Clinic "the Clinic." This agreement is about the following matter: *Brittany Oliver's Guardianship*

2.  The Clinic agrees to investigate the matter in Paragraph 1, either to provide the Client with advice, referral, or to accept the matter for representation.

3.  If the matter is accepted for representation, the Clinic agrees to provide the Client with legal assistance regarding the matter in paragraph 1, and to represent fully the Client's interests within the guidelines of the Florida Rules of Professional Conduct. The Client understands that the Clinic has no obligation to provide the Client with legal services regarding any other legal problems.

4.  The Clinic agrees not to charge the Client any attorneys' fees for its legal services. However, the Client understands that there may be costs and fees associated with the Clinic's representation, including court filing fees, application fees, service of process fees, and other routine court costs. The Client understands that he or she is responsible for paying those fees and costs, and if the Clinic advances those costs, Client agrees to reimburse the Clinic. In addition, the Client understands that in certain cases, he or she may be entitled to an award of attorneys' fees from the opposing party. Client assigns his or her right to those fees to the Clinic and agrees that those fees will belong solely to the Clinic. The Client understands and agrees that the Clinic will not waive its right to collect fees from the opposing party except at its sole option.

5.  The Client understands and agrees that he or she may be represented by a degree-seeking law student enrolled at the University of Miami School of Law, supervised by one or more licensed Florida attorneys and faculty of the Law School. The Client consents, pursuant to Rule 11.1(b) of the Rules Regulating the Florida Bar, if applicable, to the appearance of such a University of Miami School of Law student on the Client's behalf in any court or before any administrative agency.



*Exhibit B*

6.   The Client understands and agrees that, because the Clinic operates on an academic calendar, representation may necessitate that continuances, stays and/or other procedural actions be taken which may have the effect of prolonging the ultimate disposition of the Client's case. The Clinic agrees to attempt to minimize the impact of any such actions, which, in all cases, will conform with the Clinic's obligations under the Rules Regulating the Florida Bar.

7.   The Client also understands that it may not be possible for the same law student and/or supervising attorney to represent the Client throughout the case, and that the law student and/or supervising attorney may change periodically.

8.   The Client understands and agrees that he or she has a duty to stay in touch with his or her legal representatives at the Clinic, and quickly to provide all information, including any change of address or phone number, change in circumstances, new developments in the case, any information or documentation requested by the Clinic, changes in the Client's financial situation, employment or household composition.  The Client also agrees to otherwise fully cooperate with the Clinic in the representation by providing full, true and accurate information to the Clinic, by keeping all appointments with the Clinic or promptly notifying the Clinic of the need to change an appointment, and by appearing promptly at all scheduled meetings, mediations, depositions, staffings or court hearings that are scheduled in Client's case.  The Client understands and agrees that if he or she does not meet the obligations in this paragraph the Clinic may discontinue service or representation or seek leave to withdraw from Client's case if necessary.

9.   The Clinic agrees regularly to consult with the Client about the matter and to keep the Client informed of all important developments in the case.  The Clinic agrees that it will not settle or compromise Client's case without consulting Client and obtaining Client's agreement.

10.  The Client understands and agrees that the Clinic may consult with and receive assistance from other attorneys and professionals such as medical doctors, social workers, psychologists, etc., and Client authorizes the Clinic to consult with other professionals about Client's case as the Clinic deems professionally appropriate.

11.  The Clinic agrees to keep Client's personal information regarding this matter confidential, unless the Clinic is required to disclose the information under the Rules Regulating the Florida Bar or the information is necessary to the consultations described in above.  The Clinic will inform any other professionals working with or for the Clinic of the obligation of confidentiality regarding Client's information.

12.  The Client understands that he or she may terminate this agreement at any time by giving notice to the Clinic supervising attorney or faculty member handling the case.  The Client further understands that the Clinic may terminate

this agreement (subject to court approval, if necessary) if Client does not meet his or her obligations described herein, if the case becomes frivolous, moot, unreasonable, groundless, or if Client's financial status changes such that he or she becomes ineligible for free legal services.

13. The Client agrees not to discuss this matter with the opposing party, or opposing counsel without first consulting the Clinic staff member handling his or her case.

14. The Client understands and agrees that the Clinic may destroy his or her file four years after the conclusion of Client's case or termination of the services provided for herein, whichever is earlier.

This agreement is made on ___9/7/2013___, at Miami, Miami-Dade County, Florida.

_____  
Clinical Signature  

_____  
NAME   Bernard Perlmutter  

Date: _9-7-2013_  

_____  
Client Signature  

_____  
NAME   Richard Dviesser  

Date: _9/7/2013_  

_____  
Legal Guardian  

_____  
NAME  

Date: _____

**THE RETAINER AGREEMENT IS <u>NOT</u> EFFECTIVE UNLESS SIGNED BY AN AUTHORIZED SUPERVISING ATTORNEY OR FACULTY MEMBER**

16-13205CA11

IN RE: THE GUARDIAN ADVOCATE FOR

IN THE CIRCUIT COURT OF
THE ELEVENTH JUDICIAL COURT
MIAMI-DADE COUNTY, FLORIDA

MENTAL HEALTH DIVISION

BRITTANY OLIVER,

    A Developmentally Disabled Person.

/

### VERIFIED PETITION FOR APPOINTMENT AS CO-GUARDIAN ADVOCATES

Pursuant to Florida Statute 393.12(3), the Petitioners, Richard Driessen and Breanna Oliver, submit this Petition for Appointment as Co-Guardian Advocates of Brittany Oliver.

1. Petitioners' names are Richard Driessen, whose date of birth is November 12, 1938, and is seventy-four (74) years old and Breanna Oliver, whose date of birth is May 23, 1994, and is nineteen (19) years old.

2. The present address of the Petitioners is: 945 NW 142 St., Miami, FL 33168.

3. The Petitioners' relationship to the developmentally disabled person is grandfather and sister.

4. Though legally competent, Brittany Oliver lacks the capacity to make decisions about care and treatment services, to meet essential requirements for her physical health and safety, or to manage/control her property. Specifically:

    a. Brittany Oliver's developmental disability renders her non-verbal and therefore lacks the capacity to communicate effectively;

    b. Brittany Oliver lacks the capacity to independently establish another abode for herself, should that need arise;

    c. Brittany Oliver lacks the capacity to comprehend or communicate matters concerning medical care and treatment for herself;

-1-


Exhibit "E"

    d.  Brittany Oliver lacks the capacity to manage or control her funds or property;

    e.  Brittany Oliver lacks the capacity to provide for her own essential daily care, health, safety, and general well-being; and

    f.  Brittany Oliver lacks the capacity to make decisions regarding her educational needs.

5.  Brittany Oliver is a person with developmental disabilities and has been diagnosed as autistic and mentally retarded according to the medical opinion of her primary care physicians, Arnaldo Villafranca, M.D., and Jose Nabut, M.D.

6.  Brittany Oliver's date of birth is May 11, 1993, and she is twenty (20) years old.

7.  Brittany Oliver resides at 945 NW 142 St., Miami, FL 33168, with the Petitioners, where they are fully responsible for her living arrangements, care, educational decisions, and expenses.

8.  The Petitioners believe it is necessary to appoint a guardian advocate for Brittany Oliver because her developmental disability renders her unable to communicate, provide for her own well-being, and make informed decisions about her care, education, and most basic needs, as further set forth in paragraph four (4) above.

9.  The approximate value of the personal funds of Brittany Oliver is $-0-, therefore a waiver of bond is requested. Also, a waiver of the verified property inventory and a waiver of fees for annual guardianship reports are requested.

10. The name and addresses of the next of kin are:

| Name: | Relationship: | Address: |
|---|---|---|
| Rochelle Y. Driessen | Mother | 250 95th Street, Surfside, FL 33152 |
| Joseph N. Oliver | Father | 5815 NW 12th Ave., Apt. 21, Miami, FL 33127 |
| Breanna Oliver | Sister | 945 NW 142 St., Miami, FL 33168 |
| Richard Driessen | Grandfather | 945 NW 142 St., Miami, FL 33168 |

11. A guardian advocate is only available to persons with developmental disabilities and the legal authority to create this special type of relationship is pursuant to Florida Statute 393.12, Developmental Disabilities.

12. The Florida legislative intent for appointing guardians is set forth in Florida Statute 744.1012. "The legislature finds that adjudicating a person totally incapacitated and in need of a guardian deprives such person of all her or his civil and legal rights and that such deprivation may be unnecessary." § 744.1012, Fla. Stat. Ann. "The legislature further finds that it is desirable to make available the least restrictive form of guardianship to assist persons who are only partially incapable of caring for their needs." *Id.*

13. "In accordance with the legislative intent of this chapter, courts are encouraged to consider appointing a guardian advocate, when appropriate, as a less restrictive form of guardianship." § 744.3085, Fla. Stat. Ann.

-3-

14. The Petitioners, Richard Driessen and Breanna Oliver, are residents of Miami-Dade

County, Florida, are sui juis and otherwise qualified under the laws of Florida to act as

co-guardian advocates for the developmentally disabled person and seek to be appointed

to serve in those areas set forth in paragraph four (4) above, pursuant to Section 393.12,

Florida Statutes.

WHEREFORE, Petitioners request that Richard Driessen and Brenana Oliver be

appointed as Co-Guardian Advocates for Brittany Oliver, a developmentally disabled person.

Under the penalties of perjury I declare that I have read the foregoing, and the facts

alleged are true, to the best of my knowledge and belief.

EXECUTED this 26ᵗʰ day of October, 2013.


Richard Driessen
CO-PETITIONER


Breanna Oliver
CO-PETITIONER


Bernard P. Perlmutter, Esquire
Attorney for Petitioners
University of Miami School of Law
Children & Youth Law Clinic
Attorney for Petitioners
FBN: 0455260
1311 Miller Dr., Suite F305
Coral Gables, FL 33146
(305) 284-312

-4-

*IN RE: THE GUARDIAN ADVOCATE FOR*
*BRITTANY OLIVER*

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Verified Petition for

Appointment as Co-Guardian Advocates of Brittany Oliver and that the facts stated in it are true.

Richard Driessen
CO-PETITIONER

Breanna Oliver
CO-PETITIONER

The foregoing instrument was acknowledged before me this _26_ day of _October_, 2013, by

_____ who is personally known to me (or has produced a driver's license on

_FL D/L_ as identification) and who did take an oath. D625-740-38-412-0

The foregoing instrument was acknowledged before me this _26_ day of _October_, 2013, by

_____ who is personally known to me (or has produced a driver's license or

_FL D/L_ as identification) and who did take an oath. O416-074-94-683-0

Witness my hand and official seal and date aforesaid.

ANGELA GALIANO-ACOSTA
MY COMMISSION # DD970491
EXPIRES March 30, 2014
(407) 398-0153    FloridaNotaryService.com

NOTARY PUBLIC
State of Florida

My Commission Expires:

-5-

*IN RE: THE GUARDIAN ADVOCATE FOR*
*BRITTANY OLIVER*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Verified Petition for Appointment of

Co-Guardian Advocates was sent via U.S. mail on this __//__ day of March, 2014 to:

Rochelle Y. Driessen
250 95th street
Surfside, FL 33154

Joseph Oliver
5815 NW 12th Ave
APT 21
Miami, FL 33127

Respectfully Submitted,

Angela Galiano-Acosta
Paralegal

-6-



STATE OF FLORIDA

OFFICE OF VITAL STATISTICS
CERTIFICATION OF BIRTH

NAME: BRITTANY ASHLEY OLIVER

DATE OF BIRTH: 5/11/93   SEX: FEMALE

PLACE OF BIRTH: DADE COUNTY, FLORIDA

CERTIFICATE NUMBER: 109-93-072887

DATE FILED: 5/18/93   DATE ISSUED: 2/26/96

MOTHER'S MAIDEN NAME: ROCHELLE YVETTE DRIESSEN

FATHER'S NAME: JOSEPH NATHAN OLIVER

This is to certify that this is a true abstract of the official record filed with this office.

By _Maurice Dervin_  State Registrar

WARNING:
2430893

ANY REPRODUCTION OF THIS DOCUMENT IS PROHIBITED BY LAW. DO NOT ACCEPT UNLESS ON SECURITY PAPER WITH LINES AND SECURITY WATERMARK OR BACK AND FRONT COLORED BACKGROUND AND GOLD EMBOSSED GREAT SEAL OF THE STATE OF FLORIDA. ERASURE OR OTHER ALTERATION OR ERASURE VOIDS THIS CERTIFICATION.

HRS

DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES

HRS Form 1563A (1-95)

*Exhibit "D"*



ELEVENTH
JUDICIAL CIRCUIT OF FLORIDA

Resource Center    About the Court    General Information    Court Events

Friday, June 25, 2021 ⏰

## Probate and Guardianship Registry

**Related Information**

➊ Probate Screening
Review Committee –
Process

➊ Probate and
Guardianship Fee Review
Committee

➊ Probate Mental Health &
Guardianship Registry –
Application

➊ Probate Screening
Review Committee –
Memorandum

➊ PROCEDURES Attorneys
with JAC

➊ Appointment by General
Magistrate

➊ Appointment by Judge

➊ Motion for Payment &
Order where General
Magistrate Appointed

➊ Motion for Payment
where Judge Appointed

➊ Order to Pay Where
Judge Appointed

**The Registry is currently undergoing revision. Applications will not be accepted for the next 90 days during this process. (effective date 2/14/2020)**

**PROBATE OPERATIONS DIVISION**
This division manages the Probate and Guardianship Registry which involves Baker Act, Marchman Act, Incapacity, (Chapter 744), and Chapters 393, 394, and 415 cases.

### Probate Court Operations Director

Lawson E. Thomas Courthouse Center
**175 N.W. 1st Avenue, Suite 1147 Miami, Florida 33130**
Office: 305-349-7366

**Adult Protective Services and Guardianship Matters Registry**
The attorney must submit applications to the Probate Screening Review Committee for review. Download Application for Appointment . Besides the Application, there is also a requirement to complete Attachment C to be placed on this registry. Download Attachment "C". This registry (wheel) was created as a result of Article V Revision 7.

Links to Individual Orders and Forms:

Probate and Guardianship Fee Review Committee
Probate Screening Review Committee – Process
Probate Mental Health & Guardianship Registry – Application
Probate Screening Review Committee – Memorandum
Procedures Attorneys with JAC
Appointment by General Magistrate
Appointment by Judge
Motion for Payment & Order where General Magistrate Appointed
Motion for Payment where Judge Appointed
Order to Pay Where Judge Appointed

**Probate Specialty Wheel** – Attorney must be a member in good standing with The Florida Bar for two years and a member of the General Probate and Guardianship Wheel for two years. Most cases are pro bono, although some may be compensable. (See Administrative Order No. 99-12, as amended by Administrative Order No 99-12 A1.) The areas associated with Wheel are Accounting; Bankruptcy/Receivership; Complex Matters-Guardianship; Complex Matters-Wills, Trusts and Estates; Entitlements; General Probate; Litigation-Wills, Trusts and Estates; Litigation-Guardianships; Real Estate; Taxation; Special Needs Trust. Attorneys who are interested in this Wheel should send an application and two letters of recommendation from attorneys practicing in Miami-Dade County, (not members of the same firm of applicant), to Probate and Guardianship Division Administrative Judge at the Dade County Courthouse, 73 West Flagler Street, Room #310, Miami, Florida 33130 or at (305) 349-7086. Download Instructions for Submission of Application Prerequisites for Joining & Application

**Blocked Accounts/Cuban Heirs Specialty Wheel** - In addition to participating in the General Probate Wheel and being fluent in Spanish, Attorneys must have five years of experience in Probate matters, a license from the U.S. Department of Treasury, and must participate in a specialized training and internship program. Presently, attorneys are not being placed on this Wheel due to pending changes in the Department of Treasury's licensing procedures; however, Attorneys who are interested in this Wheel should contact Probate and Guardianship Division Administrative Judge at the Dade County Courthouse, 73 West Flagler Street, Room #310, Miami, Florida 33130 or at (305) 349-7086.

**Guardian Advocates Wheel** - Attorney must be a participant in the General Probate, Guardianship and Mental Health Wheel, with five years of general probate and guardianship experience and experience in handling Baker Act matters. The attorney must be willing to attend certain prescheduled calendars and perform certain functions as prescribed by State statutes, the Probate Bar and the Court. Attorneys who are interested in this Wheel should contact Probate and Guardianship Division Administrative Judge at the Dade County Courthouse, 73 West Flagler Street, Room # 310, Miami, Florida 33130 or at (305) 349-7086.

*Exhibit "E"*
6/25/2021

**Courthouse Locations**

Coral Gables Branch Courthouse
Dade County Courthouse
Hialeah Branch Courthouse
Lawson E. Thomas Courthouse Center
Miami Beach Branch Courthouse

Miami-Dade Children's Courthouse
North Dade Justice Center
Overtown Transit Village South
Richard E. Gerstein Justice Building
South Dade Justice Center

**Top Links**

Judicial Directory
courtMAP
Jobs
Court Divisions
Court Holidays/Closings

Copyright © 2021 Eleventh Judicial Circuit of Florida. All Rights Reserved   |   Contact Us   |   Disclaimer

