UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22369-ALTMAN
MAGISTRATE JUDGE REID

ROCHELLE Y. DRIESSEN,

    Plaintiff,

v.

UNIVERSITY OF MIAMI SCHOOL OF
LAW CHILDREN & YOUTH LAW CLINIC,

    Defendant.
_____/

### REPORT OF MAGISTRATE JUDGE REID

This matter is before the Court pursuant to Plaintiff Rochelle Y. Driessen's Motion for Leave to Proceed *in forma pauperis*. [ECF No. 3]. For the reasons set forth below, this Court recommends that Plaintiff's Motion be **DENIED,** and this case be **DISMISSED** with prejudice.

#### I.    Background

This is Ms. Driessen's sixth time before this Court litigating issues regarding the guardianship of her daughter, Brittany Oliver. *See Driessen v. University of Miami School of Law Children & Youth Clinic, et al.*, 18-cv-25486 (S.D. Fla. Apr. 1, 2019) (the "First Action"); *Driessen v. University of Miami School of Law Children & Youth Clinic, et al.*, 19-cv-21122 (S.D. Fla. Mar. 25, 2019) (the "Second Action); *Driessen v. University of Miami School of Law Children and Youth Law Clinic, et al.*, 19-cv-21224 (S.D. Fla. Oct. 28, 2019) (the "Third Action"); *Driessen v. University of Miami School of Law Children & Youth Clinic, et al.*, 20-cv-22559 (S.D. Fla. July 10, 2020) (the "Fourth Action); *Driessen v. University of Miami School of Law Children & Youth*

1

*Clinic*, 20-cv-24816 (S.D. Fla. Dec. 28, 2020) (the "Fifth Action") (collectively, the "Prior Actions").

The First Action was filed on March 29, 2019 and closed administratively. The Second Action was filed on March 22, 2019 and came before then United States District Court Judge Ursula Ungaro. In that case, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, [Second Action, ECF No. 3], but the motion and the case were both dismissed on March 25, 2019 after the court found that pursuant to 28 U.S.C. § 1915, Plaintiff's 42 U.S. C. § 1983 claims rested on an "indisputably meritless legal theory." [Second Action, ECF No. 5].

The Third Action was filed on March 29, 2019—a mere four days after the dismissal of the Second Action—and came before United States District Court Judge Robert Scola. As in the Second Action, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. [Third Action, ECF No. 3]. While the court granted Plaintiff's motion, it struck Plaintiff's complaint finding that Plaintiff failed to state a claim upon which relief could be granted. [Third Action, ECF No. 4]. In striking the complaint, the court provided Plaintiff with a detailed explanation as to the errors she would need to fix if she sought to file an amended complaint that could withstand review pursuant to 28 U.S.C. § 1915. *Id*. ("[T]o the extent Driessen seeks to file an amended complaint, [this Court] orders her to: (1) address the shortcomings noted in this order; (2) comply with the pleading requirements in Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure; (3) include a separate factual background section setting forth specific factual allegations in support of her claims; (4) if there is more than one cause of action, separate each into a different, sequentially numbered, count which identifies the relevant cause of action or claim for relief; (5) identify which factual allegations and acts pertain to which Defendant; and (6) identify which factual allegations and acts pertain to which count."). Plaintiff then filed an amended complaint, [Third Action, ECF No. 6],

which was dismissed with prejudice after the court found that Plaintiff had again failed to state a claim for which relief could be granted and that any further amendment would be futile. [Third Action, ECF No. 8]. After filing a Motion for Relief from Judgment, [Third Action, ECF No. 11], which was also denied, [Third Action, ECF No. 12], Plaintiff appealed to the Eleventh Circuit Court of Appeals. [Third Action, ECF No. 14]. The Eleventh Circuit ultimately dismissed the claim for want of prosecution on March 10, 2020. [Third Action, ECF No. 21].

The Fourth Action was filed on June 22, 2020, again before Judge Ungaro. After Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, [Fourth Action, ECF No. 3], Judge Ungaro issued an Order denying the motion and finding that Plaintiff's claims rested on an "indisputably meritless legal theory." [Fourth Action, ECF No. 4]. Plaintiff subsequently filed a Motion for Relief from the Order, [Fourth Action, ECF No. 5], which was granted in part—allowing only for the correction of the case caption—and denied in part. [Fourth Action, ECF No. 6]. Plaintiff then filed a Motion for Reconsideration, [Fourth Action, ECF No. 7], which was denied. [Fourth Action, ECF No. 8]. Plaintiff appealed this decision, [Fourth Action, ECF No. 9], and the Eleventh Circuit affirmed the judgment of the District Court. [Fourth Action, ECF No. 14].

The Fifth Action was filed on November 23, 2020, again before Judge Scola. After Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, [Fifth Action, ECF No. 3], Judge Scola issued an Order dismissing the complaint with prejudice pursuant to 28 U.S.C. § 1915. [Fifth Action, ECF No. 8]. In his Order, Judge Scola reviewed the history of Plaintiff's actions against the Defendant and others. *Id*. The court held that Plaintiff's complaint was "clearly and indisputably meritless" and that the claims were barred by res judicata, as they had been or could have been raised in an earlier proceeding. *Id*. (citing *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) ("Res judicata bars the filing of claims which were raised or could have

3

been raised in an earlier proceeding.")). Plaintiff then appealed the court's decision to the Eleventh Circuit. [Fifth Action, ECF No. 10]. The appeal was dismissed for want of prosecution. [Fifth Action, ECF No. 15].

Plaintiff now brings her sixth action concerning the guardianship of her 28-year-old daughter, Brittany Oliver. In her complaint, Plaintiff appears to challenge the validity of a Retainer Agreement (the "Agreement") between the University of Miami School of Law Children and Youth Law Clinic ("Defendant" or the "Clinic") and Plaintiff's father, Richard Driessen. [ECF No. 1]. The Agreement outlines the Clinic's representation of Richard Driessen in his petition to be appointed as Brittany Oliver's co-guardian. [ECF No. 1, Exhibits B & C]. Plaintiff alleges that the Agreement lacked consideration, as the clinic does not charge attorneys' fees, and was unconscionable, as the Agreement benefitted only Richard Driessen. [ECF No. 1, ¶¶ 13, 14]. The complaint also seems to allege that the Clinic violated Plaintiff's rights to due process under the Fourteenth Amendment to the United States Constitution and Article I of the Florida Constitution. In support of that proposition, Plaintiff states that, in violation of Fla. Stat. § 393.12(4)(a)–(b), the Clinic failed to notify Brittany Oliver, Plaintiff, or Joseph Oliver, Brittany Oliver's late father, of a March 2014 evidentiary hearing in Brittany Oliver's guardianship proceeding. As in the Prior Actions, along with her complaint, Plaintiff has filed a Motion for Leave to Proceed *in forma pauperis*. [ECF No. 3].

## II.   Standard of Review

Pursuant to 28 U.S.C. § 1915, a district court may dismiss a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. Indeed, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint

4

that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

### III. Discussion

First, Plaintiff has already raised the issue of whether Defendant violated her Fourteenth Amendment and Article I due process rights by failing to notify her of the March 2014 evidentiary hearing in the Fifth and Fourth Actions. Indeed, in the Fifth Action, Judge Scola highlighted this fact, and, as a result, dismissed the complaint with prejudice because the claims were barred by res judicata. *See* [Fifth Action, ECF No. 8] ("One week after the Eleventh Circuit affirmed Judge Ungaro's decision, the Plaintiff filed her fourth complaint which is now before this Court, rehashing issues raised in the Prior Actions….Accordingly, the Court finds that the Plaintiff's claims are barred by the doctrine of res judicata."). As the claims here are identical, they are barred by the doctrine of res judicata here too. *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986) ("Res judicata is a doctrine of claim preclusion; it refers to 'the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit.'").

Second, this Court lacks jurisdiction to rule on the remaining issues. From what the Court can decipher, Plaintiff's remaining claims appear to be state law contract claims that would not invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Thus, as this Court lacks original jurisdiction over these claims, this Court cannot have supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

Third, even if the Court had jurisdiction, Plaintiff's claims lack merit. Plaintiff is a non-party to the Retainer Agreement between Richard Driessen and the Clinic, thus she does not have

5

standing to challenge the validity of the agreement unless she is an intended third-party beneficiary to the contract. *Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.*, 850 So. 2d 536, 543–44 (Fla. 5th DCA 2003) ("A person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract. The exception to this rule is where the entity that is not a party to the contract is an intended third party beneficiary of the contract.") (quoting *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1030–31 (Fla. 4th DCA 1994). This, Plaintiff cannot show. As the Third District Court of Appeal of Florida held in one of Plaintiff's state court cases

> The ward, which in this case is Brittany, not the ward's next of kin, is the intended beneficiary of the attorney's services. *See Saadeh v. Connors*, 166 So.3d 959, 964 (Fla. 4th DCA 2015) (finding that the well-being of the ward is "the very essence" of our guardianship statutes, and both the attorney and the guardian are ethically obligated to protect the interest of the ward); *Zelman v. Zelman*, 175 So.3d 871, 879 (Fla. 4th DCA 2015) ("The whole purpose of a guardianship proceeding is to protect the ward's interests.").

*Driessen v. Univ. of Miami Sch. of L. Child. & Youth L. Clinic*, 260 So. 3d 1080, 1081 (Fla. 3d DCA 2018).

This remains true. Put plainly, Plaintiff is not an intended third-party beneficiary to the contract between Richard Driessen and the Clinic; only Brittany Oliver is. Thus, Plaintiff lacks standing to challenge the validity of the contract, and her claims are indisputably meritless. *See Serefex Corp. v. Hickman Holdings, LP*, 695 F. Supp. 2d 1331, 1344 (M.D. Fla. 2010) ("Since plaintiff is not a party to the contract…it cannot have a sufficient stake or cognizable interest which would be affected by the outcome… [t]hus, plaintiff lacks standing to invalidate the [contract]"); *see also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir.2005) (finding that plaintiff lacked standing to challenge the contract at issue because he was not a party to nor an intended beneficiary of the contract).

## IV.     Recommendation

For the reasons set forth above, this Court recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 3], be **DENIED** and this case be **DISMISSED** with prejudice.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report, including any objections with regard to the denial of a certificate of appealability.

**SIGNED** this 29th day of July, 2021.

                                                                                              _____
                                                                                              LISETTE M. REID
                                                                                              UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge Roy K. Altman**; and

       **Rochelle Y. Driessen**
       945 NW 142nd Street
       Miami, FL 33168
       PRO SE