UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22369-CIV-ALTMAN/Hunt

ROCHELLE Y. DRIESSEN,

    *Plaintiff,*

v.

UNIVERSITY OF MIAMI SCHOOL OF
LAW CHILDREN & YOUTH LAW CLINIC,

    *Defendant.*

_____/

## ORDER

    Magistrate Judge Lisette M. Reid has submitted a Report and Recommendation ("R&R") [ECF No. 6], in which she suggests that we deny the Plaintiff's Motion to Proceed *In Forma Pauperis* (the "Motion") [ECF No. 3] and dismiss this action with prejudice. We agree and now dismiss.

    Although federal law authorizes us to permit the Plaintiff to proceed *in forma pauperis*, it also requires us to screen the *pro se* complaint and dismiss it if we determine that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

    The Plaintiff advances a series of frivolous due-process claims under the Fourteenth Amendment and Article I, Section 21 the Florida Constitution. *See generally* Complaint [ECF No. 1] ¶¶ 2, 3, 7 18 (reiterating that the "Retainer Agreement . . . violated Plaintiff's constitutional rights pursuant to Section 1 of the 14th Amendment of the Constitution of the United States, and Article 1, Section 21 of the Florida Constitution"). As Judge Reid pointed out, these claims are barred by the doctrine of *res judicata* because (1) the Plaintiff has raised them before and (2) other judges have dismissed them already. *See* R&R at 4–5; *see also Driessen v. University of Miami School of Law Children & Youth Clinic*, No. 20-cv-24816-RNS (S.D. Fla. Dec. 28, 2020) (Scola, J.), ECF No. 8 (holding that these very same claims

were barred by the doctrine of *res judicata* and dismissing the case with prejudice). And, as Judge Reid noted, to the extent the Complaint can be construed as advancing some miscellaneous contract claims, we'd lack jurisdiction to hear them. *See* R&R at 5. In any event, as Judge Reid explained, these contract claims would fail on the merits because the Plaintiff doesn't allege that she's a party to, or an intended third-party beneficiary of, the agreement at issue here. *See id.* at 5–6.

In her objections to the R&R, the Plaintiff contends (1) that the R&R "went beyond the face of the complaint" insofar as it referenced the five other cases the Plaintiff has already filed against the Defendant; (2) that the five prior cases are irrelevant (and, relatedly, that the Magistrate Judge erred by failing to explain why she took judicial notice of them); (3) that the Magistrate Judge erred by agreeing with the judges in each of those five previous cases that the Plaintiff's constitutional claims lacked merit; and (4) that the Plaintiff *has* standing to challenge the agreement because "she received [it] from the Defendant in the discovery process in [a] State Court malpractice action [the Plaintiff] filed against the Defendant." Objections [ECF No. 7].

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. *See* FED. R. CIV. P. 72(b)(3). After having reviewed the Motion and the Complaint *de novo*, we agree with Magistrate Judge Reid's well-reasoned R&R and reject the Plaintiff's meritless objections.

As to the first three objections—regarding consideration of the Plaintiff's five previous lawsuits against this same Defendant—we note that Judge Reid had every right to take judicial notice of those cases. To clear up any confusion, though, we likewise take judicial notice of those decisions here. *See DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 434 (11th Cir. 2019) ("[T]he district court here properly took judicial notice of the pleadings and orders in [the plaintiff's] earlier federal case stemming from her allegedly wrongful termination, as the records in that case were not subject to reasonable dispute."). In any event, the Plaintiff doesn't challenge the central conclusion the R&R

2

draws from those cases: that her constitutional claims are barred by the doctrine of *res judicata*. *See generally* Objections; *see also DeBose*, 802 F. App'x at 434 ("[T]here is no dispute that the district court in [the plaintiff's] earlier federal case was a court of competent jurisdiction, and its rulings on her claims against [the defendant] were final judgments on the merits."); *Harrell v. Bank of Am.*, N.A., 813 F. App'x 397, 400 (11th Cir. 2020) ("Although *res judicata* is an affirmative defense that is properly raised under Federal Rule of Civil Procedure 8(c)(1), a party may raise it in a Rule 12(b)(6) motion to dismiss where the defense's existence can be judged on the face of the complaint. In making this determination, we may consider documents attached to the complaint and take judicial notice of state and federal court records of prior proceedings." (cleaned up)). And that's reason enough to adopt the R&R here.

As to her fourth objection—that she has standing (presumably as a third-party beneficiary) to sue under a contract to which she was not a party—we're not aware of any precedent that confers contractual rights upon a non-party based on the non-party having received a copy of the contract in discovery. *See* Objections ¶ 9. Under Florida law, the third-party beneficiary must, among other things, allege and prove that the signatories to the contract intended to benefit her directly, *see Found. Health v. Westside EKG Assocs.*, 944 So. 2d 188, 194–95 (Fla. 2006) ("To establish an action for breach of a third party beneficiary contract, [a plaintiff] must allege and prove the following four elements: (1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach." (cleaned up))—something the Plaintiff hasn't averred here, *see generally* Complaint. In any event, the Plaintiff doesn't object to the R&R's conclusion that we lack subject-matter jurisdiction to consider the state-law contract claims. *See generally*

Objections. Because that conclusion was *not* clearly erroneous,[1] we adopt the R&R on that basis—except that we dismiss the contract claims *without* prejudice for lack of subject-matter jurisdiction. *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1235 (11th Cir. 2021) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (cleaned up)).

Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 20] is **ACCEPTED and ADOPTED**.
2. The Plaintiff's Motion [ECF No. 3] is **DENIED**.
3. The Complaint [ECF No. 1] is **DISMISSED with prejudice**. But, to the extent the Complaint can be read as incorporating contract claims, those claims are **DISMISSED without prejudice** for lack of subject-matter jurisdiction.
4. The Clerk of Court shall **CLOSE** this case, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida this 8th day of September 2021.

_____
ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

---

[1] "[T]he Court must examine the portions of the R&R to which no party has objected for 'clear error on the face of the record.'" *Vital Pharms., Inc. v. Monster Energy Co.*, 2020 WL 2091996, at *3 (S.D. Fla. May 1, 2020) (Altman, J.) (quoting *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)).